IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RICHARD LEONARD RADFORD,    )    CV 10-00766 LEK-KSC
)
        Plaintiff,    )
)
    vs.    )
)
U.S. BANK NATIONAL    )
ASSOCIATION, as Trustee for    )
the Structured Asset    )
Investment Loan Trust 2006-    )
BNC3, et al.,    )
)
        Defendants.    )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-BNC3, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND MERSCORP, INC.'S MOTION TO DISMISS**

On March 21, 2011, Defendants U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust, 2006-BNC3 ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc. ("MERSCORP") (all collectively "Moving Defendants") filed the instant Motion to Dismiss ("Motion"). Plaintiff Richard Leonard Radford ("Plaintiff") filed his memorandum in opposition on May 2, 2011 and a supplemental memorandum in opposition May 18, 2011. Moving Defendants filed their reply on May 25, 2011. This matter came on for hearing on July 5, 2011. Appearing on behalf of the Moving Defendants was Audrey Yap, Esq., and appearing on behalf of Plaintiff was James Fosbinder, Esq. After careful consideration of the Motion, supporting and opposing memoranda,

and the arguments of counsel, the Moving Defendants' Motion is
HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set
forth below.

**BACKGROUND**

Plaintiff filed the instant action on December 23, 2010
against the Moving Defendants and BNC Mortgage, Inc. ("BNC") (all
collectively "Defendants"). The action relates to an Adjustable
Rate Note that Plaintiff executed on or about May 23, 2006 in the
principal amount of $1,452,500 ("the Note"). At the time of
closing, the Note was secured by a mortgage ("the Mortgage")
affecting 163 West Ikea Kai Place, Kihei, Hawaii ("the
Property"). [Complaint at ¶¶ 38-39.] Plaintiff claims that,
because Defendants failed to provide him with the necessary loan
documents and failed to make the required disclosures, he could
not make a fully informed decision and was lured into a loan
which resulted in a financial benefit to Defendants and a
financial detriment to him and which substantially increased his
likelihood of default. [Id. at ¶¶ 41-43.] Plaintiff argues that
Defendants targeted persons who were financially unsophisticated,
or otherwise vulnerable to abusive practices, and offered them
unduly expensive credit. Plaintiff alleges that Defendants
approved his loan based on a no-income, no-asset product,
considering only the value of the Property and without
considering Plaintiff's ability to make payments on the loan.

[Id. at ¶¶ 50-51.] Plaintiff alleges that Defendants are jointly
and severally liable because they operated as "a common
enterprise", and therefore each Defendant knew or should have
known about the acts and omissions of the other Defendants, their
predecessors, and their successors. [Id. at ¶ 63.]

Plaintiff alleges that making payments on a loan that
he was not properly qualified for caused him "loan distress", and
he sought to modify and/or refinance the loan. [Id. at ¶¶ 64,
66.] Plaintiff alleges that Defendants denied him a loan
modification even though they "received government incentive to
promote, and procure such a mortgage modification." [Id. at
¶ 67.]

Plaintiff alleges that, over the course of the loan,
Defendants, and/or their predecessors in interest, sold and/or
transferred Plaintiff's Note and Mortgage "without proper
endorsement or assignments, resulting in Defendants not having
the right and interest to foreclose upon" the Property. [Id. at
¶ 68.] Plaintiff contends that the attempted foreclosure auction
was invalid because Defendants failed to provide him with proper
notice of their intent to foreclose. Plaintiff alleges that,
because of the foregoing violations of federal and state law,
Defendants cannot file or conduct ejectment proceedings against
him. In the alternative, Plaintiff alleges that his defenses,
claims, and various rights of action preclude Defendants from

filing or conducting ejectment proceedings against him.  [Id. at
¶¶ 69-70.]

Plaintiff asserts the following claims: Count I -
violation of the Clayton Antitrust Act, 15 U.S.C. § 12, *et seq.*;
Count II - violation of Hawai`i antitrust/antimonopoly acts, Haw.
Rev. Stat. §§ 480-13, 480-9; Count III - violation of the Real
Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*
("RESPA"); Count IV - violation of the Home Ownership Equity
Protection Act, 15 U.S.C. § 1639 ("HOEPA"); Count V - violation
of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*
("TILA"), and Regulation Z, § 226.4; Count VI - fraudulent
misrepresentation; Count VII - breach of fiduciary duty; Count
VIII - unjust enrichment; Count IX - civil conspiracy; Count X -
complaint to quiet title; Count XI - violation of Hawaii Bureau
of Conveyances ("BOC") Regulations relating to mortgage
servicers, Haw. Rev. Stat. Chapter 454M; Count XII - mistake;
Count XIII - unconscionability; Count XIV - unfair and deceptive
acts or practices ("UDAP"), in violation of Haw. Rev. Stat.
§ 480-2, § 481A-3, and Chapter 454M; Count XV - failure to act in
good faith; Count XVI - recoupment; Count XVII - negligent and/or
intentional infliction of emotional distress; Count XVIII -
violation of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. §§ 1692-1692p, as amended; and Count IXX[1] – intentional or negligent failure to warn of defective product.

Plaintiff seeks the following: statutory damages; actual damages; treble damages; punitive damages; a temporary restraining order or injunctive relief; a judgment of rescission, recoupment, reimbursement and/or indemnification; and any other appropriate relief.

## I.  **Motion**

In the instant Motion, the Moving Defendants[2] first note that Plaintiff "is a licensed real estate broker with over 15 years of experience[.]" [Mem. in Supp. of Motion at 1.] They also state that MERS held the Mortgage as BNC's nominee, and the Mortgage was filed with the State of Hawai`i Land Court ("Land Court") as Document No. 3434277 on TCT No. 807,109. The Note and Mortgage were assigned to U.S. Bank, pursuant to an assignment filed with the Land Court on December 8, 2008 as Document No. 3811387 on TCT No. 807,109. [Id. at 1-2.]

Plaintiff defaulted and, on March 20, 2009, U.S. Bank filed a judicial foreclosure action against Plaintiff and others

---

[1] Although nineteen is XIX, Plaintiff uses "IXX".

[2] The Court notes that, although BNC is represented by the same law firm that represents U.S. Bank, MERS, and MERSCORP, only U.S. Bank, MERS, and MERSCORP brought the instant Motion. Further, BNC did not file a joinder in the Motion, nor has it separately moved to dismiss. The Court however, will address the claims against BNC to the extent that the arguments that the Moving Defendants raised also apply to BNC.

("Foreclosure Action") in the Circuit Court of the Second
Circuit, State of Hawai`i ("Foreclosure Court"). The Foreclosure
Court entered default against Plaintiff on February 17, 2010.
[<u>Id.</u>] On September 29, 2010, the Foreclosure Court entered its:
Judgment on Findings of Fact, Conclusions of Law and Order
Granting Plaintiff's Motion for Summary Judgment and Decree of
Foreclosure Against All Defendants on Complaint Filed
March 20, 2009 ("Judgment and Interlocutory Decree of
Foreclosure");[3] and notice of the entry of the Judgment and
Interlocutory Decree of Foreclosure.

 The Moving Defendants first argue that Plaintiff's
claims are barred by *res judicata* because all three of the
required elements are present: the Judgment and Interlocutory
Decree of Foreclosure operates as a final judgment on the merits;
Plaintiff was a party to the Foreclosure Action; and Plaintiff
could have asserted the claims he now brings in the instant case
in the Foreclosure Action. The Moving Defendants therefore argue
that the Court should dismiss the Complaint in its entirety.

 In the alternative, the Moving Defendants argue that
this Court lacks subject matter jurisdiction under the <u>Rooker-
Feldman</u> doctrine because the instant case is essentially an
attempt to appeal the Judgment and Interlocutory Decree of

---

[3] The Judgment and Interlocutory Decree of Foreclosure and
the notice of its entry are attached to the Motion as Exhibits A
and B, respectively, to the Declaration of Counsel.

Foreclosure.  The <u>Rooker-Feldman</u> doctrine prohibits federal courts from exercising jurisdiction over claims that are "'inextricably intertwined'" with the decision in a state court case.  [<u>Id.</u> at 6 (quoting <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 892 (9th Cir. 1986)).]  The Moving Defendants assert that Plaintiff's claims in the instant case are inextricably intertwined with the Foreclosure Action because Plaintiff essentially asks this Court to review and overturn the Judgment and Interlocutory Decree of Foreclosure.  The Moving Defendants therefore urge the Court to dismiss the Complaint in its entirety.

If the Court is not inclined to find for the Moving Defendants on those two issues, they argue that the Court should still dismiss the Complaint in its entirety because each count fails to state a claim upon which relief can be granted.

**II.  <u>Plaintiff's Memorandum in Opposition</u>**

In his Memorandum in Opposition, Plaintiff first argues that "although [U.S. Bank] claims to be [the] mortgagee entitled to foreclose on the Mortgage, there is a strong likelihood that [U.S. Bank] did not have clear title to the Mortgage and Note at the time of the foreclosure . . . but such information was not known or available to [Plaintiff] at the time of the foreclosure action."  [Mem. in Opp. at 2.]

Plaintiff states that, in light of <u>Phillips v. Bank of America</u>, Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *11-12 (D. Hawai`i Jan. 21. 2011), he "believes that his causes of action for fraudulent misrepresentation, civil conspiracy, mistake, unjust enrichment, violation of the covenant of good faith and fair dealing, IIED, quiet title, TILA, RESPA, HOEPA, and FDCPA violations are unlikely to prevail as written." [<u>Id.</u> at 8.] Plaintiff therefore "submits on the pleadings" as to those claims, but requests leave to amend. [<u>Id.</u>]

Plaintiff argues that his antitrust and UDAP claims are not barred by *res judicata* because they seek different relief from the relief sought in the Foreclosure Action and because those claims do not involve the same parties as the parties in the Foreclosure Action. Plaintiff states that his claim for damages for antitrust violations is independent of U.S. Bank's attempt to foreclose. Plaintiff also asserts that U.S. Bank's and MERS's antitrust violations "operated both independent of, and largely prior to the formation of the mortgage[.]" [<u>Id.</u> at 3.] Plaintiff argues that the same is true of his UDAP claim.

Similarly, Plaintiff argues that the <u>Rooker-Feldman</u> doctrine does not apply to his antitrust and UDAP claims because the issues related to those claims were not litigated in the Foreclosure Action. Plaintiff emphasizes that the district court

has independent federal question jurisdiction over his antitrust claims based on federal statutes.

To the extent that there are deficiencies in his antitrust and UDAP claims, Plaintiff contends that he can cure those deficiencies by amending the Complaint because he now has a better understanding of the circumstances surrounding the foreclosure and how it was part of a scheme by U.S. Bank, MERS, and various Doe Defendants to monopolize the mortgage industry and to engage in UDAPs. Plaintiff essentially argues that Defendants, and several other large, private banks engaged in a scheme to give themselves a competitive advantage over smaller banks. This allegedly forced smaller banks out of the residential lending market and forced them to engage in more speculative loans. As part of this scheme, the market for residential properties in the country was inflated, resulting in an increase in the fees that large mortgage loans would create. In addition, the servicing of mortgages, including foreclosures, was contracted to the lowest bidder. The servicers did minimal work to track mortgages, resulting in lost documents and clouded land titles. Plaintiff also states that some servicers created new documents, resulting in numerous investigations and the closure of many servicers.

As a result of this scheme, distressed borrowers, like Plaintiff, cannot obtain assistance when it is needed. Plaintiff

alleges that he has been damaged by incurring increased fees because he could not get through to someone who had the authority to deal with his modification request and by expending time and money to defend against a wrongful foreclosure action brought by an entity that did not have standing to foreclose. Plaintiff alleges that these damages occurred within the four-year statute of limitations. Plaintiff also argues that U.S. Bank's institution of a foreclosure action which it did not have standing to pursue falls within Haw. Rev. Stat. § 481A-3 and is a prohibited UDAP. He also argues that he incurred damages from this violation within the applicable statute of limitations period.

III. **Supplemental Memorandum in Opposition**

On May 13, 2011, in a separate action that Plaintiff filed against another lender, <u>Radford v. Wells Fargo Bank, et al.</u>, CV 10-00767 SOM-KSC ("<u>Wells Fargo</u>"), Chief United States District Judge Susan Oki Mollway issued an Order Granting Defendants' Motion to Dismiss and Granting Leave to Amend ("<u>Wells Fargo</u> Dismissal Order"). 2011 WL 1833020. In the <u>Wells Fargo</u> Dismissal Order, Chief Judge Mollway noted that Plaintiff has two other pending cases in this district court - the case currently before this Court and <u>Radford v. Long Beach Mortgage Co., et al.</u>, CV 11-00018 JMS-KSC - and that the complaints in the three cases are virtually identical. <u>Id.</u> at *2. On May 16, 2011, this Court

issued an entering order, acknowledging that Chief Judge Mollway's legal analysis in the <u>Wells Fargo</u> Dismissal Order was relevant to the instant Motion and directing Plaintiff to file a supplemental memorandum stating why <u>Wells Fargo</u> is distinguishable from the instant case. [Dkt. no. 25.]

In his supplemental memorandum in opposition, Plaintiff states that <u>Wells Fargo</u> is distinguishable from the instant case because the property in <u>Wells Fargo</u> was not the subject of a judicial foreclosure proceeding. Plaintiff admits that he did not enter a general appearance in the Foreclosure Action and that the case "proceeded to default judgment." [Suppl. Mem. in Opp. at 2.] This difference in the procedural histories of the cases also results in two defenses in the instant case that were not at issue in <u>Wells Fargo</u>: *res judicata* and the <u>Rooker-Feldman</u> doctrine. Plaintiff argues that, to the extent that his antitrust and UDAP claims rely on Defendants' conduct that is not directly related to the Foreclosure Action, those claims are not barred by *res judicata* or the <u>Rooker-Feldman</u> doctrine.

**IV.  <u>Reply</u>**

In their Reply, the Moving Defendants first address the *res judicata* effect of the Judgment and Interlocutory Decree of Foreclosure. The Moving Defendants acknowledge that BNC, MERS, and MERSCORP were not parties to the Foreclosure Action, but they argue that this does not eliminate the *res judicata* effect

because the party against whom they have asserted *res judicata*, *i.e.* Plaintiff, was a party to the earlier litigation. Further, BNC, MERS, and MERSCORP can invoke *res judicata* because they are in privity with U.S. Bank, a party in the Foreclosure Action.

The Moving Defendants also argue that it is irrelevant that Plaintiff's antitrust and UDAP claims seek relief that is separate from the subject of the Foreclosure Action. *Res judicata* precludes issues that were actually litigated in the Foreclosure Action, as well as any claim or defense that could have been litigated in that action. Plaintiff's antitrust and UDAP claims allegedly arose from the same transaction, or series of transactions, as the claim in the Foreclosure Action, and therefore *res judicata* bars those claims.

As to their argument based on the <u>Rooker-Feldman</u> doctrine, the Moving Defendants argue that, without the judgment in the Foreclosure Action, Plaintiff would not have an injury to contest in this action. The Moving Defendants therefore argue that Plaintiff's antitrust and UDAP claims are inextricably intertwined with the claims in the Foreclosure Action and are therefore barred by the <u>Rooker-Feldman</u> doctrine.

The Moving Defendants emphasize that Plaintiff does not dispute that *res judicata* and the <u>Rooker-Feldman</u> doctrine bar his state law claims for fraudulent misrepresentation, civil conspiracy, mistake, unjust enrichment, violation of good faith

and fair dealing, intentional infliction of emotional distress

("IIED") and quiet title, as well as his claims for violation of

TILA, RESPA, HOEPA, and FDCPA. The Moving Defendants urge the

Court to dismiss those claims with prejudice.

Finally, the Moving Defendants argue that the Court

should give Chief Judge Mollway's <u>Wells Fargo</u> Dismissal Order

persuasive weight because the two complaints are nearly identical

and the reasons for the dismissal of the claims in <u>Wells Fargo</u>

are applicable to the claims in the instant case. Plaintiff has

attempted to distinguish <u>Wells Fargo</u> on the basis that the

instant case involves the additional defenses of *res judicata* and

the <u>Rooker-Feldman</u> doctrine, but Plaintiff does not explain how

those additional defenses render the analysis in the <u>Wells Fargo</u>

Dismissal Order inapplicable. The Moving Defendants therefore

urge the Court to grant the Motion for the reasons set forth in

the <u>Wells Fargo</u> Dismissal Order.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a

motion to dismiss a claim for "failure to state a claim upon

which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally
> limited to the contents of the complaint.
> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979,
> 988 (9th Cir. 2001). If matters outside the
> pleadings are considered, the Rule 12(b)(6) motion
> is treated as one for summary judgment. <u>See</u> <u>Keams</u>
> <u>v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th
> Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934

13

(9th Cir. 1996). However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 554, 127 S. Ct. 1955).

<u>Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc.</u>, 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." <u>Harris v. Amgen, Inc.</u>, 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).

## **DISCUSSION**

At the outset, this Court must address two threshold issues before turning to Plaintiff's individual claims: whether

Plaintiff has standing to litigate the claims in this case; and whether the Judgment and Interlocutory Decree of Foreclosure has preclusive effect.

## I.    Standing

On April 20, 2011, Plaintiff filed a notice that he has initiated Chapter 7 bankruptcy proceedings. [Dkt. no. 21.] On May 19, 2011, Elizabeth Kane, Esq., filed a notice of appearance in this case on behalf of Richard A. Yanagi, Trustee in Bankruptcy for Plaintiff Richard Leonard Radford ("the Trustee") in Bankruptcy Case Number 11-00063, pending in the United States Bankruptcy Court for the District of Hawai`i. [Dkt. no. 27.] Ms. Kane's Notice of Appearance asserts that the claims in the instant case arose before Plaintiff filed the bankruptcy action and therefore "the Trustee, and not Richard Radford, is the real party in interest." [Id. at 1-2.] The Trustee filed a statement of no position on the Motion. [Filed 5/19/11 (dkt. no. 28).]

The Trustee is correct that, because Plaintiff filed for bankruptcy during the pendency of this action, Plaintiff's claims became the property of the bankruptcy estate and, at that point, Plaintiff no longer had standing to pursue them. See Turner v. Cook, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (citations omitted). After the Trustee's filings regarding the instant Motion, however, the Trustee filed a Notice of Proposed Abandonment of Property in the bankruptcy proceeding, stating

15

that he intended to abandon Plaintiff's claims in the instant case. [In re Radford, case no. 11-00063 (Bankr. D. Hawai`i), filed 7/1/11 (dkt. no. 40).] On August 12, 2011, the bankruptcy court its Amended Order Authorizing Abandonment of Debtor's Claims in the Case of Radford v. U.S. Bank, et al, Pending in the US District Court Civil No. 10-00766. [Id., (dkt. no. 44).] The Trustee, therefore, has conferred authority on Plaintiff to litigate the claims in the instant case. See 11 U.S.C. § 554; Turner, 362 F.3d at 1226 (discussing § 554 and Bankruptcy Rule 6007). The Court FINDS that Plaintiff has standing to pursue the claims in the instant case.

## II.  **Effect of the Foreclosure Action**

The Moving Defendants argue that the *res judicata* doctrine bars all of Plaintiff's claims in the instant case because he could have litigated them in the Foreclosure Action.

This Court must look to Hawai`i law to determine whether the Judgment and Interlocutory Decree of Foreclosure has preclusive effect. See Bumatay v. Fin. Factors, Ltd., Civil No. 10-00375 JMS/LEK, 2010 WL 3724231, at *4 (D. Hawai`i Sept. 16, 2010) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")). Hawai`i state courts use the term

"claim preclusion" instead of *res judicata*. <u>Id.</u> at \*4 n.3

(citing <u>Bremer v. Weeks</u>, 104 Haw. 43, 53, 85 P.3d 150, 160

(2004)).

> Under Hawaii law, claim preclusion prevents a
> party from relitigating "not only . . . issues
> which were actually litigated in [a prior] action,
> but also . . . all grounds of claim and defense
> which might have been properly litigated in the
> [prior] action." <u>See</u> <u>Aganos v. GMAC Residential
> Funding Corp.</u>, 2008 WL 4657828, at \*4 (D. Haw.
> Oct. 22, 2008) (quoting <u>Bremer v. Weeks</u>, 104 Haw.
> 43, 53, 85 P.3d 150, 160 (2004)).

<u>Id.</u> at \*4 (alterations in original).

As the parties asserting claim preclusion, the Moving

Defendants have the burden of establishing that: "'(1) there was

a final judgment on the merits, (2) both parties are the same or

in privity with the parties in the original suit, and (3) the

claim decided in the original suit is identical with the one

presented in the action in question.'" <u>Id.</u> at \*5 (quoting

<u>Bremer</u>, 104 Haw. at 54, 85 P.3d at 161).

### A.  <u>Final Judgment</u>

The Foreclosure Court entered the Judgment and

Interlocutory Decree of Foreclosure on September 29, 2010.  It

includes a statement that it "is entered as a final judgment

pursuant to [Haw. R. Civ. P.] Rule 54(b) as there is no just

reason for delay."  [Judgment and Interlocutory Decree of

Foreclosure at 2.]  Pursuant to Haw. Rev. Stat. § 667-51(a)(2),[4]

any party to the Foreclosure Action could appeal the Judgment and

Interlocutory Decree of Foreclosure.  <u>See, e.g.</u>, <u>U.S. Bank Nat'l</u>

<u>Ass'n v. Salvacion</u>, No. 30594, 2011 WL 1574585, at *9 (Hawai`i

Ct. App. Apr. 26, 2011).  No party to the Foreclosure Action,

however, filed a notice of appeal from the Judgment and

Interlocutory Decree of Foreclosure.  The Judgment and

Interlocutory Decree of Foreclosure is final for claim preclusion

purposes because the time to appeal has expired.  <u>See</u> <u>Bumatay</u>,

2010 WL 3724231, at *5 (some citations omitted) (quoting

<u>Littleton v. State</u>, 6 Haw. App. 70, 75, 708 P.2d 829, 833

(1985)).

In contrast, "orders dealing with matters subsequent to

the foreclosure decree, such as the confirmation of sale . . .

have to wait until entry of the circuit court's final order in

the case."  <u>Beneficial Hawai`i, Inc. v. Casey</u>, 98 Hawai`i 159,

165, 45 P.3d 359, 365 (2002) (citation omitted).  As of the date

---

[4] Section 667-51(a) states, in pertinent part:
> Without limiting the class of orders not specified
> in section 641-1 from which appeals may also be
> taken, the following orders entered in a
> foreclosure case shall be final and appealable:
> . . . .
>> (2) A judgment entered on an order confirming
>> the sale of the foreclosed property, if the
>> circuit court expressly finds that no just
>> reason for delay exists, and certifies the
>> judgment as final pursuant to rule 54(b) of
>> the Hawaii rules of civil procedure[.]

of the instant Order, there is no final order in the Foreclosure
Action.  In fact, the Foreclosure Court has yet to rule on the
motion to confirm the foreclosure sale of the Property.

Thus, there is only a final judgment for claim
preclusion purposes as to the issues resolved by the Judgment and
Interlocutory Decree of Foreclosure, which the Foreclosure Court
entered pursuant to its Findings of Fact, Conclusions of Law and
Order Granting Plaintiff's Motion for Summary Judgment and Decree
of Foreclosure Against All Defendants on Complaint Filed March
20, 2009 ("Foreclosure FOF/COL").[5]  In the Foreclosure FOF/COL,
the court found, *inter alia*, that: U.S. Bank was the owner of the
Mortgage and the Note; Plaintiff defaulted on his obligations
under the Mortgage and Note; $1,711,887.18, plus per diem
interest after February 8, 2010 until paid, was immediately due
and payable to U.S. Bank; and U.S. Bank was entitled to foreclose
upon the Mortgage and sell the Property.  [Foreclosure FOF/COL at
3-4, ¶¶ 3-6.]  The Foreclosure Court ordered that the Property
"shall be sold at public auction, without an upset price, as
authorized by law and under the provisions of said mortgage."
[Id. at 7, ¶ 2.]  The Foreclosure Court also appointed a
Commissioner to take possession of and sell the Property.  The
Foreclosure FOF/COL set forth requirements for, *inter alia*: open

_____

[5] The Foreclosure FOF/COL, which the Foreclosure Court filed
on September 29, 2010, is attached to the Motion as Exhibit C to
the Declaration of Counsel.

houses for the Property; notice of the sale of the Property; and the purchase of the Property at the foreclosure sale. [Id. at 8-9, ¶¶ 3-4.e.]

**B.    Identity of the Parties**

Second, in order for claim preclusion to apply, the parties in the instant case must be the same as the parties in the Foreclosure Action, or they must be in privity with the parties in the Foreclosure Action. See Bumatay, 2010 WL 3724231, at *5. The second factor is met as to Plaintiff and U.S. Bank because they were parties in the State Foreclosure Action. See id. (citing Albano v. Norwest Fin. Haw., 244 F.3d 1061, 1064 (9th Cir. 2001) (finding the "same parties" prong of the res judicata test "pellucid" where the same parties to the state foreclosure proceeding appeared in a federal action)).

The Moving Defendants acknowledge that BNC, MERS, and MERSCORP were not parties to the Foreclosure Action, but they argue that BNC, MERS, and MERSCORP are in privity with U.S. Bank as U.S. Bank's predecessors in interest. [Reply at 3 (citations omitted).] The Foreclosure Court found that: Plaintiff executed the Note in favor of BNC; MERS, as BNC's nominee, was the mortgagee on Plaintiff's Mortgage; U.S. Bank became the owner of the Mortgage by a November 19, 2008 Assignment of Mortgage; and U.S. Bank also acquired the Note. [Foreclosure FOF/COL at 2-3, ¶¶ 1-3.] The Complaint alleges that MERSCORP is the sole

20

shareholder of MERS.  [Complaint at ¶ 17.]

> Under Hawai`i law, the "concept of privity has
> moved from the conventional and narrowly defined
> meaning of 'mutual or successive relationship[s]
> to the same rights of property' to 'merely a word
> used to say that the relationship between one who
> is a party of record and another is close enough
> to include that other within res adjudicata.'"

Napala v. Valley Isle Loan LLC, Civ. No. 10-00410 ACK-KSC, 2010
WL 4642025, at *6 (D. Hawai`i Nov. 1, 2010) (quoting Spinney v.
Greenwich Capital Fin. Prods., Inc., No. 05-00747 ACK-KSC, 2006
WL 1207400, at *7 (D. Hawai`i May 3, 2006) (citing In re Dowsett
Trust, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (Haw. App.
1990))).

Insofar as U.S. Bank apparently obtained the Note and
Mortgage at issue in this case from BNC, and MERS was BNC's
nominee under the Mortgage, BNC and MERs are in privity with U.S.
Bank.  Hawai`i state courts and this district court have
recognized that a corporation and its sole shareholder have the
required closeness to support a finding of privity.  See, e.g.,
Aloha Unlimited, Inc. v. Coughlin, 79 Hawai`i 527, 537, 904 P.2d
541, 551 (Ct. App. 1995); Napala, 2010 WL 4642025, at *7.  Thus,
MERSCORP and MERS are in privity.  This Court therefore FINDS
that the identity of the parties requirement is satisfied as to
all parties.

## C.  **Identical Claims**

The final requirement for claim preclusion is that the claim decided in the Foreclosure Action is identical to the one presented in the instant case.  See Bumatay, 2010 WL 3724231, at *5.

> "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." Kauhane v. Acutron Co., 71 Haw. 458, 464, 795 P.2d 276, 279 (1990) (citing Restatement (Second) of Judgments § 24 (1982)). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes." Id. Moreover, claim preclusion "applies if the issues 'could have been raised in the earlier state court actions.'" Albano [v. Norwest Fin. Hawaii, Inc.], 244 F.3d [1061,] 1064 [(9th Cir. 2001)] (citations omitted); see also Bremer, 104 Haw. at 53, 85 P.3d at 160 (observing that under Hawaii law "[t]he judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

Id. at *5 (some alterations in original).

Insofar as the Foreclosure Action determined that Plaintiff's Mortgage is a valid and enforceable first lien on the Property and that U.S. Bank is entitled to foreclose on the Mortgage and sell the Property, the following counts in the instant case allege claims that either are the same as the claims decided in the Foreclosure Action or could have been properly litigated in the Foreclosure Action:

22

- Counts III, IV, and V allege defects in the loan origination process based on Defendants' alleged violations of RESPA, HOEPA, and TILA, respectively. Count IV expressly seeks rescission.
- Counts VI and VII seek rescission of the loan based on Defendants' alleged fraudulent misrepresentations and breaches of their alleged fiduciary duties to Plaintiff in the loan origination process.
- Count VIII (unjust enrichment) and Count IX (civil conspiracy) also allege defects in the loan origination process.
- Count X (quiet title) seeks a declaration that Plaintiff is entitled to the Property.
- Count XI (violation of BOC regulations) alleges that Defendants failed to file a special mortgage recording fee for each assignment of sale of Plaintiff's Note and Mortgage and that their failure to do so precluded them from entering into valid judicial foreclosure proceedings against Plaintiff.
- Counts XII and XIII allege that the loan transaction is void because of mutual mistake and unconscionability, respectively.
- The majority of the allegations in Count XIV (UDAP) are based upon alleged defects in the loan origination process. Count XIV also alleges that Defendants used the loan modification process to prevent Plaintiff from asserting his right to rescind or cancel the loan within the statute of limitations period. Count XIV therefore asserts, *inter alia*, that the loan contract or agreement is void and unenforceable and that Plaintiff is entitled to rescission.
- Count XV alleges that Defendant failed to act in good faith in the loan origination process and the loan modification process. Count XV seeks, *inter alia*, rescission of the loan.
- Count XVI (recoupment) also challenges the validity of the loan because of various violations in the loan origination process. Count XVI seeks to recover all loan fees, commissions, costs, expenses, interest, and principal paid.
- Count XVIII challenges Defendants' right to foreclose on the Mortgage based on alleged violations of the FDCPA.
- Count IXX (failure to warn of defective product) challenges the validity of the loan based Defendants' alleged failure to warn Plaintiff of the risks associated with the loan.

The Court therefore FINDS that these counts allege claims that

are identical to the claims that the court decided in the

Foreclosure Action, in other words, all of these claims address

23

the validity of Plaintiff's loan and whether U.S. Bank was
entitled to foreclose on the Mortgage and sell the Property.

Plaintiff's Complaint also alleges the following
claims:

- Count I (violation of the Clayton Antitrust Act) alleges that
  Defendants have engaged in predatory and anti-competitive
  conduct by "inflat[ing] the real estate market in an effort
  to create and sell subprime mortgages[,]" [Complaint at
  ¶ 74,] and working to create the collapse of the mortgage
  market so that they could profit therefrom [Complaint at
  ¶¶ 75-76]. Plaintiff alleges that he suffered damages as a
  direct and proximate result of Defendant's monopolizing or
  attempt to monopolize the mortgage lending and servicing
  market. [Id. at ¶ 77.]
- Count II similarly alleges that Defendants' conduct violated
  Haw. Rev. Stat. § 480-13 and § 480-9.
- One portion of Plaintiff's UDAP claim (Count XIV) alleges that
  Defendants generally engaged in a practice of "[t]argeting
  financially unsophisticated and otherwise vulnerable
  consumers for inappropriate credit products[.]" [Id. at
  ¶ 163.a.]
- Count XVII addresses Defendants' alleged negligent infliction
  of emotional distress ("NIED") and/or IIED in the loan
  origination process and loan modification process.

Plaintiff's antitrust claims and Plaintiff's UDAP claim
based on Defendants' alleged predatory practices address
Defendants' conduct generally and do not address the validity of
Plaintiff's loan and U.S. Bank's right to foreclose. As to
Plaintiff's NIED/IIED claim, although it is based upon the same
conduct as Plaintiff's claims challenging the validity of the
loan and the right to foreclose, Plaintiff's claims for relief
because of the emotional distress allegedly caused by Defendants'
actions are not issues that Plaintiff raised, or could have
raised, in the Foreclosure Action. See Haw. Rev. Stat. § 667-4

("The mortgagor . . . may defend the action for foreclosure, and may show any matter in legal or equitable avoidance of the mortgage."). This Court therefore FINDS that these counts do not allege claims that are identical to the claims decided in the Foreclosure Action.

**D.  Summary**

The Moving Defendants have not carried their burden of establishing that the following claims in the instant case meet all of the requirements for claim preclusion: Count I (violation of the Clayton Antitrust Act); Count II (violation of Hawai`i antitrust/antimonopoly laws); the portion of Count XIV (UDAP) based on allegations of Defendants' general predatory lending practices; and Count XVII (NIED/IIED). The Court therefore FINDS that these claims are not subject to claim preclusion.

Defendants, however, have established that all Plaintiff's remaining claims meet the requirements for claim preclusion. The Court therefore FINDS that all of Plaintiff's remaining claims are subject to claim preclusion as to U.S. Bank, BNC, MERS, and MERSCORP. Insofar as Plaintiff cannot cure this defect through any amendment, dismissal with prejudice is appropriate. See, e.g., Smallwood v. United States Army Corp of Eng'rs, No. CV 08-00512 DAE-KSC, 2009 WL 196228, at *13 (D. Hawai`i Jan. 26, 2009). The Court therefore GRANTS the Moving Defendants' Motion as to Counts III, IV, V, VI, VII, VIII, IX, X,

XI, XII, XIII, all portions of Count XIV except the portion based on allegations of Defendants' general predatory lending practices, XIV, XV, XVI, XVIII, and IXX, and DISMISSES those claims WITH PREJUDICE.

## III. **Rooker-Feldman Doctrine**

The Moving Defendants also argue that this Court lacks jurisdiction over Plaintiff's claims under the <u>Rooker-Feldman</u> doctrine. The <u>Rooker-Feldman</u> doctrine, based on <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." <u>Carmona v. Carmona</u>, 603 F.3d 1041, 1050 (9th Cir. 2010) (citation omitted). Under the <u>Rooker-Feldman</u> doctrine, the district court lacks jurisdiction over a complaint, to the extent that it seeks to re-litigate arguments that a state court has previously rejected. <u>Baker v. Stehura</u>, Civ. No. 09-00615 ACK-BMK, 2010 WL 3528987, at *5 (D. Hawai`i Sept. 8, 2010) (footnote omitted) (citing <u>Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers</u>, 398 U.S. 281, 296, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970) (lower federal courts "possess no power whatever" to sit in direct review of state court decisions); <u>Allah v. Superior Ct. of State of Cal.</u>, 871 F.2d 887, 890-91 (9th Cir. 1989)).

Counts I and II and the remaining portion of Count XIV address Defendants' alleged predatory lending practices in general, and Count XVII addresses emotional distress claims that were not at issue in the Foreclosure Action. Thus, none of Plaintiff's remaining claims constitutes a de facto appeal of the Judgment and Interlocutory Decree of Foreclosure. The Court therefore FINDS that the Rooker-Feldman doctrine does not apply. The Court DENIES the Moving Defendants' Motion to the extent that it seeks dismissal of the remaining claims in this case based on the Rooker-Feldman doctrine.

## IV. Remaining Claims

The Court now turns to the issue whether each of Plaintiff's remaining claims state a claim upon which relief can be granted.

### A. Count I (violation of the Clayton Antitrust Act)

Count I in the instant case is identical to Count I in Plaintiff's complaint in Wells Fargo. [Complaint at ¶¶ 71-77; Wells Fargo, Complaint at ¶¶ 71-77.] In granting the defendant's motion to dismiss as to Count I, Chief Judge Mollway found:

> In Count I, Radford asserts violations of the Clayton Act. Radford alleges that "Defendants have engaged in predatory conduct or anticompetitive conduct in an attempt to monopolize the mortgage lending and servicing market." Compl. ¶ 73. The Complaint includes no factual allegation suggesting that Defendants entered into an agreement to affect competition or committed acts violating federal antitrust laws. Radford also fails to identify any particular

27

> provision of the Clayton Act that Defendants have
> allegedly violated.  Overall, he fails to put
> forth any specific factual or legal allegations or
> to link those allegations to particular statutory
> violations.  Instead, Radford alleges that
> Defendants "worked to create the collapse of the
> mortgage market, which in turn created an economic
> collapse unprecedented since the Great
> Depression."  Compl. ¶ 76.  Such sweeping
> statements fail to apprise Defendants of their
> alleged wrongdoings.  The court additionally notes
> that, as Radford has failed to allege an adequate
> "antitrust injury," he could lack "antitrust
> standing" to bring this claim.  Count I is
> dismissed with leave to amend as to all
> Defendants.

Wells Fargo, 2011 WL 1833020, at *3 (footnote omitted).

Insofar as the two claims are identical and Plaintiff has not presented any reason that would warrant a different result in the instant case, this Court adopts Chief Judge Mollway's analysis as the Court's analysis of Count I in the instant case.  The Moving Defendants' Motion is therefore GRANTED IN PART AND DENIED IN PART as to Count I insofar as Count I is hereby DISMISSED WITHOUT PREJUDICE.  Plaintiff may amend Count I as to all Defendants.

**B.    Count II (Hawai`i Antitrust/Antimonopoly laws**

Similarly, Count II in the instant case is identical to Count II in Plaintiff's complaint in Wells Fargo.  [Complaint at ¶¶ 78-81; Wells Fargo, Complaint at ¶¶ 78-81.]  In granting the defendant's motion to dismiss as to Count II, Chief Judge Mollway found:

28

In Count II, Radford asserts violations of state antitrust laws. Radford states generally that "[m]ortgage lending and servicing in Hawaii is an activity in or affecting interstate commerce[.]" Compl. ¶ 79. He then alleges that Defendants violated "the Hawaii Anti-Trust Act, Hawaii Revised Statutes § 480-13, and the Hawaii Monopolization Act, Hawaii Revised Statutes § 480-9." Compl. ¶ 80. Again, Radford fails to make factual allegations suggesting that Defendants made an agreement to diminish competition. Broad assertions of state antitrust law violations do not give Defendants an opportunity to properly defend themselves. Count II is dismissed with leave to amend as to all Defendants.

Wells Fargo, 2011 WL 1833020 at *3 (alterations in original).

Insofar as the two claims are identical and Plaintiff has not presented any reason that would warrant a different result in the instant case, this Court adopts Chief Judge Mollway's analysis as the Court's analysis of Count II in the instant case. The Moving Defendants' Motion is therefore GRANTED IN PART AND DENIED IN PART as to Count II insofar as Count II is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff may amend Count II as to all Defendants.

C. **Count XIV (UDAP Claim Based on General Predatory Lending Practices)**

Count XIV in the instant case is also identical to Count XIV in Plaintiff's complaint in Wells Fargo. [Complaint at ¶¶ 160-70; Wells Fargo, Complaint at ¶¶ 160-70.] The remaining portion of Count XIV in the instant case essentially claims that Defendants targeted financially unsophisticated and vulnerable

customers to sell them credit products they could not afford.  In granting the defendant's motion to dismiss as to Count XIV, Chief Judge Mollway found:

> Radford does not state a claim under section 480-2 of the Hawaii Revised Statutes because lenders generally owe no duty to a borrower "not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay." McCarty [v. GCP Mgmt., LLC], [Civil No. 10-00133 JMS/KSC,] 2010 WL 4812763, at *6 [(D. Hawai`i Nov. 17, 2010)] (quoting Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009)). See also Sheets v. DHI Mortg. Co., 2009 WL 2171085, at *4 (E.D. Cal. July 20, 2009) (reasoning that no duty exists "for a lender 'to determine the borrower's ability to repay the loan. . . .  The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'" (quoting Renteria v. United States, 452 F. Supp. 2d 910, 922-23 (D. Ariz. 2006) (finding that borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan")).
>
> "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Cal. App. 1991).  Nothing in the Complaint indicates that any Defendant "exceed[ed] the scope of [a] conventional role as a mere lender of money." Count XIV fail on that basis alone.  While dismissing Count XIV, the court cannot conclude at this time that further amendment is futile. Accordingly, Count XIV is dismissed with leave to amend as to all Defendants.  See Omar v. [Sea-Land Serv., Inc.], 813 F.2d [986,] 991 [(9th Cir. 1987)].

Wells Fargo, 2011 WL 1833020, at *11-12 (some alterations in original).

Insofar as the two claims are identical and Plaintiff
has not presented any reason that would warrant a different
result in the instant case, this Court adopts Chief Judge
Mollway's analysis as the Court's analysis of the remaining
portion Count XIV in the instant case alleging a UDAP claim based
on Defendants' general predatory lending practices.  The Moving
Defendants' Motion is therefore GRANTED IN PART AND DENIED IN
PART as to this portion of Count XIV insofar as this portion of
Count XIV is hereby DISMISSED WITHOUT PREJUDICE.  Plaintiff may
amend this portion of Count XIV as to all Defendants.

### D.  Count XVII (NIED/IIED)

Finally, Count XVII in the instant case is identical to
Count XVII in Plaintiff's complaint in Wells Fargo.  [Complaint
at ¶¶ 178-82; Wells Fargo, Complaint at ¶¶ 178-82.]  In granting
the defendant's motion to dismiss as to Count XVII, Chief Judge
Mollway found:

> A plaintiff may recover for NIED "where a
> reasonable [person], normally constituted, would
> be unable to adequately cope with the mental
> stress engendered by the circumstances of the
> case." Doe Parents No. 1 v. State, 100 Haw. 34,
> 69, 58 P.3d 545, 580 (2002) (citations and
> quotations omitted).  An NIED claim "is nothing
> more than a negligence claim in which the alleged
> actual injury is wholly psychic and is analyzed
> utilizing ordinary negligence principles." Id.
> (citations and quotations omitted).  To maintain
> an NIED claim, a person must allege "some
> predicate injury either to property or to another
> person in order himself or herself to recover for
> negligently inflicted emotional distress." Id. at
> 580 (citations omitted); see also Kaho`ohanohano

v. Dep't of Human Servs., 117 Haw. 262, 306-07,
178 P.3d 538, 582-83 (2008).  That is, "an NIED
claimant must establish, incident to his or her
burden of proving actual injury (i.e., the fourth
element of a generic negligence claim), that
someone was physically injured by the defendant's
conduct, be it the plaintiff himself or herself or
someone else."  Doe Parents, 58 P.3d at 580-81
(citations omitted).

Radford has not alleged a predicate injury or
threat of immediate injury either to himself or to
someone else.  Rather, Radford supports his NIED
claim by providing a formulaic recitation of the
elements of the claim, conclusory allegations,
and generalized facts, all of which are entitled
to no weight on a motion to dismiss.  See Iqbal,
129 S. Ct. at 1949.

"Under Hawaii law, the elements of IIED are
'(1) that the act allegedly causing the harm was
intentional or reckless, (2) that the act was
outrageous, and (3) that the act caused (4)
extreme emotional distress to another.'"  Enoka v.
AIG Haw. Ins. Co., 109 Haw. 537, 559, 128 P.3d
850, 872 (2006) (quoting Hac v. Univ. of Haw., 102
Haw. 92, 106-07, 73 P.3d 46, 60-61 (2003)).  The
Hawaii Supreme Court defines the term "outrageous"
as "'without just cause or excuse and beyond all
bounds of decency.'"  Enoka, 109 Haw. at 559
(quoting Lee v. Aiu, 85 Haw. 19, 34 n.12, 936 P.2d
655, 670 n.12 (1997)).  "Moreover, 'extreme
emotional distress' constitutes, inter alia,
mental suffering, mental anguish, nervous shock,
and other 'highly unpleasant mental reactions.'"
Id. (quoting Hac, 102 Haw. at 106).

Radford again fails to allege any specific
facts indicating that Defendants acted in an
intentional or reckless manner or that they
engaged in outrageous conduct or caused him to
suffer severe mental and emotional distress.
Radford's conclusory allegations are once again
insufficient to state a claim for relief.
Accordingly, the court dismisses Count XVII
with leave to amend as to all Defendants.

Wells Fargo, 2011 WL 1833020, at *14 (alteration in original).

Insofar as the two claims are identical and Plaintiff has not presented any reason that would warrant a different result in the instant case, this Court adopts Chief Judge Mollway's analysis as the Court's analysis of Count XVII in the instant case. The Moving Defendants' Motion is therefore GRANTED IN PART AND DENIED IN PART as to Count XVII insofar as Count XVII is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff may amend this portion of Count XVII as to all Defendants.

## CONCLUSION

On the basis of the foregoing, the Moving Defendants' Motion to Dismiss, filed March 21, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is DENIED insofar as Count I, Count II, the portion Count XIV alleging a UDAP claim based on Defendants' general predatory lending practices, and Count XVII are HEREBY DISMISSED WITHOUT PREJUDICE. The Motion is GRANTED insofar as all of the remaining counts in the Complaint are HEREBY DISMISSED WITH PREJUDICE.

Plaintiff has until **September 30, 2011** to file an amended complaint in accordance with this order. The Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **September 30, 2011**, this Court will amend this order to dismiss all of Plaintiff's claims with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 9, 2011.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

RICHARD LEONARD RADFORD v. U.S. BANK NATIONAL ASSOCIATION, ETC.,
ET AL.; CIVIL NO. 10-00766 LEK-KSC; ORDER GRANTING IN PART AND
DENYING IN PART U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE
STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-BNC3, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AND MERSCORP, INC.'S
MOTION TO DISMISS