IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD LEONARD RADFORD,<br><br>      Plaintiff,<br><br>  vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3; BNC MORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP., INC. (MERS); and JOHN DOES 1-50, inclusive,<br><br>      Defendants. | CIVIL NO. 10-00766 ACK-KSC |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

On October 14, 2011, Defendants U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3 ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc. ("MERSCORP") (all collectively "Moving Defendants") filed the instant Motion to Dismiss First Amended Complaint ("Motion"). Plaintiff Richard Leonard Radford ("Plaintiff") filed his memorandum in opposition on January 5, 2012, and Moving Defendants filed their reply on January 23, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful

consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed the instant action on December 23, 2010 against the Moving Defendants and Defendant BNC Mortgage, Inc. ("BNC") (all collectively "Defendants"). The factual allegations in this case are set forth in this Court's Order Granting in Part and Denying in Part U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust, 2006-BNC3, Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.'s Motion to Dismiss, filed on September 9, 2011 ("9/9/11 Dismissal Order"). 2011 WL 4054863.

Plaintiff's original Complaint alleged the following claims: Count I - violation of the Clayton Antitrust Act, 15 U.S.C. § 12, *et seq.*; Count II - violation of Hawai`i antitrust/antimonopoly acts, Haw. Rev. Stat. §§ 480-13, 480-9; Count III - violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*; Count IV - violation of the Home Ownership Equity Protection Act, 15 U.S.C. § 1639; Count V - violation of the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and Regulation Z, § 226.4; Count VI - fraudulent misrepresentation; Count VII - breach of fiduciary duty; Count VIII - unjust enrichment; Count IX - civil conspiracy; Count X -

complaint to quiet title; Count XI - violation of Hawaii Bureau of Conveyances Regulations relating to mortgage servicers, Haw. Rev. Stat. Chapter 454M; Count XII - mistake; Count XIII - unconscionability; Count XIV - unfair and deceptive acts or practices ("UDAP"), in violation of Haw. Rev. Stat. § 480-2, § 481A-3, and Chapter 454M; Count XV - failure to act in good faith; Count XVI - recoupment; Count XVII - negligent and/or intentional infliction of emotional distress; Count XVIII - violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, as amended; and Count IXX[1] - intentional or negligent failure to warn of defective product.

       The 9/9/11 Dismissal Order dismissed all of the claims in the Complaint, but the Court dismissed the following claims without prejudice: Count I, Count II, the portion Count XIV alleging a UDAP claim based on Defendants' general predatory lending practices, and Count XVII.  9/9/11 Dismissal Order, 2011 WL 4054863, at *15.  All of the other claims were dismissed with prejudice, id., including the portion of Count XIV alleging that Plaintiff is entitled to rescission because the loan contract or agreement was void an unenforceable, id. at *10.  The 9/9/11 Dismissal Order stated that Plaintiff had until September 30, 2011 to file his First Amended Complaint, and the order cautioned him that, if he failed to do so, the claims that the 9/9/11

---

[1] Although nineteen is XIX, Plaintiff uses "IXX".

Dismissal Order dismissed without prejudice would be dismissed with prejudice.  Id. at *15.

Plaintiff did file his First Amended Complaint on September 30, 2011.  It only alleges one claim - a UDAP claim against all Defendants.  [First Amended Complaint at ¶¶ 59-71.]  The UDAP claim, however, does not address Defendants' general predatory lending practices.  Instead, it addresses: U.S. Bank's, MERS's, and MERSCORP's alleged impairment of Plaintiff's title to the Property; the propriety of U.S. Bank's and BNC's actions in the loan modification process; and the validity of the foreclosure process, based in part on a theory that the assignment of Plaintiff's loan was invalid.

In the instant Motion, the Moving Defendants argue that the UDAP claim in the First Amended Complaint is barred by the 9/9/11 Dismissal Order.  Further, even if the Court's ultimate ruling in the 9/9/11 Dismissal Order does not bar Plaintiff's claim current, the reasoning of the order still applies.  For the reasons stated in the 9/9/11 Dismissal Order, the current UDAP claim is barred by the principles of *res judicata* and the Rooker-Feldman doctrine because the issues raised in the current UDAP claim either were, or could have been, raised in Plaintiff's bankruptcy proceeding.  If the Court finds that neither the 9/9/11 Dismissal Order nor the legal analysis set forth therein require the Court to dismiss the current UDAP claim, the Moving

Defendants argue that the current UDAP claim fails to state a claim upon which relief can be granted.

In his memorandum in opposition, Plaintiff argues that the principles of claim preclusion and the Rooker-Feldman doctrine do not prevent him from asserting the current UDAP claim because it is "based on newly discovered evidence that was neither known to or knowable by Plaintiff at the time of the judicial foreclosure." [Mem. in Opp. at 4.] Plaintiff argues that, armed with this new evidence, he has alleged an actionable UDAP claim.

In their reply, the Moving Defendants argue that Plaintiff appears to have focused his claim upon the allegation that the assignment of Plaintiff's loan was invalid because the person who executed the assignment on behalf of MERS did not have authority to do so. The Moving Defendants argue that Plaintiff's purported newly discovered evidence does not preclude the *res judicata* effect of the bankruptcy proceedings or the application of the Rooker-Feldman doctrine. Finally, the Moving Defendants argue that Plaintiff lacks standing to challenge the assignment and they reiterate that Plaintiff's current UDAP claim fails to state a claim upon which relief can be granted.

## DISCUSSION

First, the Court notes that the 9/9/11 Dismissal Order granted Plaintiff leave to amend the Clayton Antitrust Act claim

(Count I of the original Complaint), the claim under the Hawai`i antitrust/antimonopoly acts (Count II of the original Complaint), the portion of the UDAP claim based on Defendants' general predatory lending practices (Count XIV of the original Complaint), and the negligent and/or intentional infliction of emotional distress claim (Count XVII of the original Complaint). The 9/9/11 Dismissal Order cautioned Plaintiff that, if he failed to file an amended complaint amending those claims by September 30, 2011, those claims would be dismissed with prejudice.  Plaintiff timely filed a First Amended Complaint, but it did not contain any of the claims which this Court granted him leave to amend.  Insofar as Plaintiff failed to comply with the terms of the 9/9/11 Dismissal Order, Plaintiff's Clayton Antitrust Act claim, Plaintiff's claim under the Hawai`i antitrust/antimonopoly acts, the portion of Plaintiff's UDAP claim based on Defendants' general predatory lending practices, and Plaintiff's negligent and/or intentional infliction of emotional distress claim are HEREBY DISMISSED WITH PREJUDICE.

        The only claim alleged in the First Amended Complaint is a UDAP claim challenging various events in the life of Plaintiff's loan through foreclosure.  The current UDAP claim attempts to re-allege a claim that this Court dismissed with prejudice.  In the 9/9/11 Dismissal Order, this Court stated:

> Insofar as the Foreclosure Action determined that Plaintiff's Mortgage is a valid and

> enforceable first lien on the Property and that
> U.S. Bank is entitled to foreclose on the Mortgage
> and sell the Property, the following counts in the
> instant case allege claims that either are the
> same as the claims decided in the Foreclosure
> Action or could have been properly litigated in
> the Foreclosure Action:
>
> . . . .
>
> • The majority of the allegations in Count
> XIV (UDAP) are based upon alleged defects in
> the loan origination process.  Count XIV also
> alleges that Defendants used the loan
> modification process to prevent Plaintiff
> from asserting his right to rescind or cancel
> the loan within the statute of limitations
> period.  Count XIV therefore asserts, inter
> alia, that the loan contract or agreement is
> void and unenforceable and that Plaintiff is
> entitled to rescission.

2011 WL 4054863, at *10.  This Court ultimately found that this portion of Plaintiff's UDAP claim was subject to claim preclusion and that dismissal with prejudice was appropriate.  Id. at *11.

Plaintiff violated the 9/9/11 Dismissal Order by re-alleging a UDAP claim which asserts that, for various reasons, the loan contract or agreement was void and unenforceable.  The 9/9/11 Dismissal Order did not give Plaintiff leave to amend any claims that this Court dismissed with prejudice.  Nothing in the 9/9/11 Dismissal Order gave Plaintiff *carte blanche* to revive claims that this Court dismissed with prejudice if he believed he had newly discovered evidence relevant to those claims.  Plaintiff should have moved this Court for reconsideration of its 9/9/11 Dismissal Order in light of the purported newly discovered

7

evidence, but Plaintiff did not do so.

Even if this Court liberally construed Plaintiff's First Amended Complaint as an attempt to seek reconsideration of the 9/9/11 Dismissal Order, the Court would not allow Plaintiff's current UDAP claim to go forward.  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178–79 (9th Cir. 1998)).  Plaintiff argues that the deposition of William Hultman, taken on April 7, 2010 in a case before a New Jersey state court ("Hultman Deposition"), constitutes newly available evidence because the deposition transcripts were not publicly available until June 2011, and therefore Plaintiff could not have relied upon the Hultman Deposition during Plaintiff's bankruptcy proceedings.  [Mem. in Opp. at 3; First Amended Complaint, Exh. F (excerpts of depo. trans.).]

In determining whether the Hultman Deposition warrants reconsideration of the 9/9/11 Dismissal Order, however, the threshold issue is not whether the Hultman Deposition was available to Plaintiff at the time of the foreclosure proceedings.  The threshold issue is whether the Hultman

Deposition was available to Plaintiff when this Court was considering the motion to dismiss the original Complaint.  The Court will not grant reconsideration "based on evidence and legal arguments that could have been presented at the time of the challenged decision."  <u>Hawaii Stevedores, Inc. v. HT & T Co.</u>, 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) (citing <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations omitted).  Plaintiff states that the Hultman Deposition became publicly available in June 2011.  [Mem. in Opp. at 3, 5.]  This Court held a hearing on the motion to dismiss the original Complaint on July 5, 2011, and this Court did not rule upon that motion until September 9, 2011.  Plaintiff therefore had access to the Hultman Deposition before the hearing on the original motion to dismiss and before this Court issued the 9/9/11 Dismissal Order.  Even if Plaintiff did not have the Hultman Deposition when he filed his memorandum in opposition to the original motion to dismiss and his supplemental memorandum in opposition in May 2011, Plaintiff could have sought leave to file another supplemental memorandum in order to present arguments based on the newly available Hultman Deposition.  Plaintiff failed to do so, and therefore the Court FINDS that the Hultman Deposition is not newly discovered evidence that would warrant reconsideration of the 9/9/11 Dismissal Order.

Finally, insofar as the 9/9/11 Dismissal Order did not give Plaintiff leave to assert his current UDAP claim, his only other option would have been to argue that the current UDAP claim was a new claim not addressed in the original Complaint and to move for leave to amend the Complaint to allege the new claim. The deadline for motions to join/add parties and amend pleadings, however, was August 22, 2011.  [Rule 16 Scheduling Order, filed 3/22/11 (dkt. no. 18), at 2.]  Even if this Court were to VERY liberally construe the filing of Plaintiff's September 30, 2011 First Amended Complaint as a motion for leave to amend, Plaintiff would still have to seek an amendment of the scheduling order before this Court, or the magistrate judge, considered the motion to amend.

An amendment of the scheduling order requires good cause.  Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  As previously noted, the Hultman Deposition became publicly available in June 2011.  Thus, Plaintiff could have

10

filed a motion to amend his Complaint based on the Hultman Deposition prior to the August 22, 2011 deadline to add parties and amend pleadings.  Insofar as Plaintiff could have complied with the deadline, he cannot establish good cause to amend the scheduling order.

      Plaintiff neither (1) had leave to allege his current UDAP claim under the terms of the 9/9/11 Dismissal Order, (2) filed a timely motion for reconsideration of the 9/9/11 Dismissal Order, nor (3) filed a timely motion to amend.  This Court therefore DISMISSES the UDAP claim in Plaintiff's First Amended Complaint WITH PREJUDICE.

### CONCLUSION

      On the basis of the foregoing, U.S. Bank, MERS, and MERSCORP's Motion to Dismiss First Amended Complaint, filed October 14, 2011, is HEREBY GRANTED insofar as Plaintiff's First Amended Complaint, filed September 30, 2011, is HEREBY DISMISSED WITH PREJUDICE.

      Further, this Court's Order Granting in Part and Denying in Part U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust, 2006-BNC3, Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc.'s Motion to Dismiss, filed on September 9, 2011, dismissed the following claims without prejudice: the Clayton Antitrust Act claim (Count I of the original Complaint), the claim under the

Hawai`i antitrust/antimonopoly acts (Count II of the original Complaint), the portion of the UDAP claim based on Defendants' general predatory lending practices (Count XIV of the original Complaint), and the negligent and/or intentional infliction of emotional distress claim (Count XVII of the original Complaint). Plaintiff failed to allege amended versions of these claims in his First Amended Complaint, and these claims are therefore DISMISSED WITH PREJUDICE.

Insofar as there are no remaining claims in this case, the Court directs the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 8, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD LEONARD RADFORD V. U.S. BANK, N.A., ET AL; CIVIL NO. 10-00766 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**